IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 2:18-cr-00052 |
| Plaintiff, : | |
| : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | |
| MICHAEL ANTHONY BOWMAN, : | |
| : | |
| Defendant. : | |

**OPINION & ORDER**

**I.      INTRODUCTION**

This matter comes before the Court on Defendant Michael Anthony Bowman's Motion for Compassionate Release. (ECF No. 47). For the following reasons, Defendant's Motion for Compassionate Release is **GRANTED**. (*Id.*).

**II.     BACKGROUND**

On January 18, 2019, Mr. Bowman was sentenced to 60 months of imprisonment and 5 years of supervised released for distribution of cocaine and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924 (c)(1)(A)(i). (ECF No. 40). His anticipated release date is May 19, 2022. (ECF No. 48).

Mr. Bowman has a painful and growing hernia in his lower groin. (ECF No. 47). His doctor recommended that he receive an open inguinal hernia repair with mesh. (*Id.* at 3). On August 28, 2019, however, the Bureau of Prisons ("BOP") disapproved of the surgery, noting that the procedure "was found not to meet BOP criteria at this time." (*Id.*). Mr. Bowman continued seeking medical advice as his condition worsened. On September 18, 2020, a physician again recommended surgery. (*Id.* at 4). As of December 2020, Mr. Bowman continues to wait for the

1

recommended treatment and has received no written decision about his request for surgery from BOP. (*Id.*). In addition, Mr. Bowman has prediabetes, hypertension, and is a former heavy smoker, indicating his susceptibility to severe illness if he contracted COVID-19. (*Id.*).

On January 18, 2021, the Government filed a Response in Opposition. (ECF No. 48). The Government opposes release because the BOP is in a better position than courts to assess the multiple factors at issue in release determinations and that Mr. Bowman has not demonstrated that release is warranted under § 3582(c)(1)(A). (*Id.*).

### III.     STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a sentencing court may "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons" once the exhaustion requirement or 30-day waiting requirement has been satisfied. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020). A district court's decision under § 3582(c)(1)(A) will be reviewed for abuse of discretion, and a district court "must supply 'specific factual reasons'" in support of its compassionate release decision. *United States v. Jones*, 980 F.3d 1098, 1113 (6th Cir. Nov. 20, 2020). In *United States v. Jones*, the Sixth Circuit recently clarified the mechanics of compassionate review under 18 U.S.C. § 3582, where an incarcerated person has brought a motion on his own behalf. In *Jones*, the Sixth Circuit announced that U.S.S.G. § 1B1.13 is no longer considered an "applicable" policy statement "in cases where incarcerated persons file their own motions in district court for compassionate release." *Id.* at 1101.

The *Jones* court set forth a three-step framework for district courts to follow when considering motions for compassionate release. *Id.* at 1103. First, district courts must find whether "extraordinary and compelling reasons warrant" a sentence reduction. *Id.* Second, a court must determine whether the reduction is consistent with applicable policy statements issued by the

Sentencing Commission. *Id.* Given that the *Jones* court found that U.S.S.G. § 1B1.13 was no longer applicable to motions brought by incarcerated persons on their own behalf, federal district courts may now skip this step in those instances and "have full discretion to define 'extraordinary and compelling' without consulting the policy statement." *Id.* at 1109. Third, a court must consider the factors set forth in 18 U.S.C. § 3553(a) and determine whether, in the court's discretion, the reduction authorized by the statute is "warranted in whole or in part under the particular circumstances of the case." *Id.* at *6 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

## IV. LAW & ANALYSIS

### A. Exhaustion of Administrative Remedies

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a sentencing court may reduce a term of imprisonment, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *see also Alam*, 960 F.3d at 832. The Sixth Circuit held that this requirement is not a jurisdictional rule, but a claim-processing rule that "binds the courts only when properly asserted and not forfeited." *Alam*, 960 F.3d at 833. In *Alam*, the statute's requirement was characterized by the Sixth Circuit as a "mandatory condition." *Id.* at 834.Here, Mr. Bowman submitted a request to the warden for release on September 30, 2020, and it has gone unanswered. (ECF No. 47). He moved for compassionate release on December 9, 2020. Thus, the administrative-exhaustion requirement is fulfilled.

### B. Extraordinary and Compelling Reasons

Under the analysis set forth in *Jones*, this Court must first determine whether "extraordinary and compelling reasons" warrant a reduction in sentence under 18 U.S.C. §

3

3852(c)(1)(A)(i). This court has "full discretion to define 'extraordinary and compelling'" without consulting the policy statement § 1B1.13." *Jones*, 2020 WL 6817488, at *9.

In his Motion, Mr. Bowman seeks release for two health-related reasons. First, multiple medical professionals have recommended surgery for his hernia treatment, but thus far, the BOP has not provided any guidance on scheduling this needed surgical treatment. Second, Mr. Bowman has prediabetes, hypertension, and is a former heavy smoker, thus placing him among the individuals identified by the Centers for Disease Control ("CDC") who might be at an increased risk for severe illness from COVID-19.[1]

In opposition, the Government argues that Mr. Bowman has not demonstrated "extraordinary and compelling reasons" justifying his release because his hernia should be treated in the BOP system. The Government does not respond directly to Mr. Bowman's discussion of his other health conditions—i.e., prediabetes, hypertension, and a history of heavy smoking.

As an initial matter, this Court recognizes the devastating impact of the COVID-19 pandemic and that prison populations are subject to heightened vulnerability. The spread of COVID-19 in prisons has been well documented, and Lexington FMC, where Mr. Bowman is confined, has eighteen active cases of COVID-19 among the incarcerated population and five active cases among staff as of February 3, 2021. Nine incarcerated people have also died of COVID-19 in the care of Lexington FMC, and 732 incarcerated individuals and 70 staff members have contracted the virus since the pandemic began, placing it among the worst COVID outbreaks in federal prisons.[2]

---

[1] *See* CDC, *People Who Are at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, last accessed 3/5/2021 at 4:39 PM.
[2] *See* BOP, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus, last accessed 3/5/2021 at 4:39 PM.

4

With respect to Mr. Bowman's prediabetes, hypertension, and a history of heavy smoking, the CDC has indicated that individuals with these conditions might be at a higher risk for severe illness from COVID-19.[3] Mr. Bowman's hernia does not place him at a greater risk for severe illness from COVID-19, but he does not argue that it does. Rather, he seeks release for a much-needed surgery, which is particularly urgent given that BOP has been unable to schedule this surgery while managing its pandemic response efforts.

This Court has discretion to determine for itself whether an incarcerated person has presented "extraordinary and compelling reasons" within the meaning of the First Step Act, and this Court finds that the need for surgery coupled with the fact that the BOP has not yet responded to Mr. Bowman's request for medical attention constitute "extraordinary and compelling reasons." (*See* ECF No. 47 at 3 ("[A]ccording to an Administrative Note dated August 28, 2019, the BOP disapproved the surgery, noting only that the procedure 'was found not to meet BOP criteria at this time'"). In addition, as far as the COVID-19 pandemic is concerned, Mr. Bowman's prediabetes, hypertension, and history of heavy smoking might place him at an increased risk of severe illness or death if he contracts COVID-19 and therefore constitute "extraordinary and compelling reasons" as well.

### C. Section 3553 Sentencing Factors Analysis

When an incarcerated person demonstrates "extraordinary and compelling reasons" which could justify a reduction in sentence, this Court must also consider "all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 2020 WL 6817488, at *11. A court does not need to "specifically articulat[e]" every single § 3553(a) factor in its analysis; rather, the record "as a whole" must indicate that the pertinent factors were taken into account by the

---

[3] *See* CDC, *People Who Are at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, last accessed 3/5/2021 at 4:39 PM.

court. *Id.* For a reviewing court, the record as a whole will constitute both the original sentencing proceeding and the compassionate release decision. *Id.* at *11–12.

Section 3553(a) instructs a court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for ... the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;

(5) any pertinent policy statement ... issued by the Sentencing Commission ...;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In support of his Motion for Compassionate Release, Mr. Bowman argues that a reduction in his sentence would not diminish the seriousness of the offense or present a risk to the public. While incarcerated, Mr. Bowman's conduct has been nothing short of exemplary. He has maintained clear conduct throughout his term of incarceration, held various jobs, completed several education courses, including the 500-hour Dual Diagnosis Residential Drug Abuse Treatment Program, even becoming a mentor to other program participants. (ECF No. 47 at 12).

He also completed his Financial Responsibility Program obligations. (*Id.*). Outside of his incarceration, Mr. Bowman is the only surviving parent to his young daughter and, if released, would return to his home in Columbus, Ohio, to care for his daughter.

Mr. Bowman also acknowledges that he was convicted for a serious offense involving firearms that warranted a significant penalty, but notes that none of the firearms were used to threaten or harm anyone. (*Id.*).

The Government opposes release. It notes that during the execution of the search warrant, a loaded handgun was located near Mr. Bowman; as a convicted felon, he is not permitted to be in possession of any type of firearms. (ECF No. 48 at 4). The search warrant also resulted in the discovery of additional handguns, along with drugs, drug paraphernalia, and U.S. currency. (*Id.* at 5).

Mr. Bowman is set to be released on May 19, 2022. (ECF No. 48 at 4). On June 11, 2018, Mr. Bowman pled guilty to Ct. 1, Possession with Intent to Distribute more than 500 grams of Cocaine, in violation of 21 USC 841(a)(1) and (841(b)(1)(b)(ii), and to Ct. 2, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 USC 924(c)(1)(a)(i). At his sentencing hearing, this Court considered the Defendant's mental health, mitigating circumstances surrounding the underlying events, and the nature and extent of the Defendant's criminal record. (ECF No. 24). This Court also considered the need to protect the public safety in imposing a sentence. (*Id.*). In imposing its sentence, this Court considered all of the Section 3553(a) factors, but emphasized seriousness of the offense, the nature and characteristics of the defendant including his age, mental health condition, and extensive criminal record, and the need to protect public safety. (*Id.*).

This Court must consider both the health risk to the individual and the interests served by continued incarceration based on the nature and seriousness of the offense.

On the one hand, the underlying offense to which Mr. Bowman pled guilty is extremely serious. On the other hand, the severity of Mr. Bowman's health conditions, the urgency of his needed surgery, and his significant post-offense rehabilitative efforts are dispositive here. Moreover, his other health conditions undoubtedly put him at a much greater risk for severe illness if he contracts COVID-19, and this risk is non-trivial given the how many incarcerated individuals and staff have fallen ill at Lexington FMC. This Court, therefore, finds that the retribution, deterrence, incapacitation, and rehabilitation interests served by the original sentence counsel in favor of early release in this case. For these reasons, Mr. Bowman's Motion for Compassionate Release, (ECF No. 47), is **GRANTED**.

## V.     CONCLUSION

For these reasons, Mr. Bowman's Motion for Compassionate Release is **GRANTED**. (ECF No. 47). Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of supervised release not to exceed the unserved portion of the original term of imprisonment, i.e., 14 months.

As a condition of the "special term" of supervised release, Mr. Bowman shall participate in the Home Incarceration component of the location monitoring program for a period up to the remaining balance of his prison sentence. While on home incarceration in the location monitoring program, you are restricted to your residence at all times, except for medical necessities, court appearances or other activities specifically approved by the court. Mr. Bowman shall be monitored by the use of technology as determined by the probation officer.

Mr. Bowman shall abide by all of the requirements established by the probation office related to the use of this location monitoring technology.  He shall pay all or part of the costs of location monitoring based on his ability to pay as determined by the probation officer.

Following the "special term" of supervised release, the originally imposed term of five years of supervised release shall commence.  The previously imposed conditions of supervised release are unchanged.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  March 5, 2021**